NO. 25-2281

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,
Appellant

v.

MELVIN WILLIAMS,
Appellee

APPEAL FROM ORDER GRANTING RELIEF UNDER 28 U.S.C. § 2255,
AND FROM AMENDED JUDGMENT OF SENTENCE,
IN CRIMINAL NO. 94-196-01 IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REPLY BRIEF FOR APPELLANT UNITED STATES OF AMERICA

              DAVID METCALF
              United States Attorney

              ROBERT A. ZAUZMER
              Assistant United States Attorney
              Chief of Appeals

615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8568

# TABLE OF CONTENTS

ARGUMENT ................................................................................................1

# TABLE OF AUTHORITIES

## Cases

*Brecht v. Abrahamson,*
    507 U.S. 619 (1993) ........................................................................ 2, 4

*Chapman v. California,*
    386 U.S. 18 (1967) .......................................................................... 2, 4

*United States v. Wilson,*
    960 F.3d 136 (3d Cir. 2020) ............................................................... 3

## Statutes and Rules

18 U.S.C. § 111(b) ................................................................................. 3, 6

18 U.S.C. § 924(c) .............................................................................. passim

28 U.S.C. § 2255 ....................................................................................... 8

# ARGUMENT

The government's position in this appeal, set forth in detail in its opening brief, is very straightforward, as follows:

- Melvin Williams was convicted of Count One (conspiracy) based on a year-long conspiracy to commit armed robberies of drug dealers.

- He was convicted of five other counts based on a shootout that erupted on March 16, 1994, when federal agents approached a car in which Williams and his confederates were riding on their way to commit another robbery. Those counts of conviction were conspiracy (Count Two), attempted murder of federal agents (Counts Three and Four), and assault on federal agents with a deadly weapon (Counts Five and Six).

- A violation of 18 U.S.C. § 924(c), charged in Count Eight, asserted that Williams used or aided and abetted the use and carrying of three firearms during and in relation to the crimes charged in Counts One through Six.

- The district court instructed the jury, consistent with the presentation of the government, that two of firearms listed in Count Eight (.38 caliber revolvers), that were carried by Williams but not used on March 16, 1994, related to the allegation that Williams "carried" firearms in violation of Section 924(c) in relation to the conspiracy charged in Count

One; and that a third gun listed in the 924(c) charge, a .380 caliber semi-automatic pistol, that Williams provided to co-conspirator Tremaine Jackson before the March 16 shootout and then ordered Jackson and Jermaine Lipscomb to shoot, related to the allegation in Count Eight that Williams "used" a firearm in relation to a crime of violence. App. 181-82.

The court further instructed the jury that while a 924(c) conviction could rest on only one firearm used or carried in relation to a crime of violence, the jury had to be unanimous regarding any firearm on which it based a verdict. App. 170-71.

- The conspiracy charges in Counts One and Two do not qualify as predicate 924(c) "crimes of violence" under current law. The attempted murder and assault convictions in Counts Three through Six do qualify.

- Williams fails to show "actual prejudice" in the 924(c) conviction, under the applicable *Brecht* standard, or even a "reasonable possibility" of a different trial result, under the more lenient *Chapman* harmless error standard that the district court mistakenly referenced. It is apparent that the jury, if considering only the valid predicates in Counts Three through Six, would have convicted on the 924(c) charge.

- The essential proof of the attempted murder and assault charges in Counts Three through Six was that Williams gave a .380 caliber firearm to

Jackson on March 16 and then when agents approached ordered Jackson to open fire. *There was no evidence of Williams' guilt for Counts Three through Six other than the fact that he ordered his associates to fire a gun at the law enforcement officers.* Indeed, Counts Five and Six charged assault *with a deadly weapon*, in violation of 18 U.S.C. § 111(b).[1] It was impossible for the jury to convict on these counts without finding that Williams used or aided and abetted the use of this firearm in furtherance of the attempted murder and assault offenses, in violation of Section 924(c).

- The jury thus concluded beyond a reasonable doubt that Williams used the .380 caliber pistol to commit attempted murder and assault. Based on that conclusion, it is apparent that it likewise would have found guilt under Section 924(c) based on that firearm and those charges alone, as the jury instructions permitted. Williams does not come close to sustaining his burden of showing actual prejudice, and the conviction of a 924(c) offense must stand. He does not even meet the more lenient "reasonable

---

[1] The indictment charged and the court required the jury to find the fact of a deadly weapon, based on 18 U.S.C. § 111(b), which states: "Enhanced Penalty.—Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both."

possibility" test, as this Court held in analogous circumstances in *United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020).

- The district court's conclusion, that "the jury might have confused which firearms related to which crimes of violence, and therefore might mix and match a predicate 'crime of violence' and predicate firearm to reach a § 924(c) conviction," App. 43, stands entirely at odds with the allegations, the evidence, the trial court's jury instructions, and the jury's verdict. This speculation does not conceivably present the "actual prejudice" required to reject a jury verdict on habeas review.

The reply brief filed by Melvin Williams essentially repeats the district court's analysis, and shares its shortcomings.[2]

---

[2] Like the district court, Williams in his brief repeatedly veers between references to the "reasonable possibility" standard of *Chapman v. California*, 386 U.S. 18 (1967), and the more rigorous standard which properly applies here, which is the "actual prejudice" test of *Brecht v. Abrahamson*, 507 U.S. 619 (1993), ultimately declaring without any explanation that the "reasonable possibility" test should apply. Br. 15-16. That statement flouts the holding of *Brecht* with regard to habeas proceedings, but it is also irrelevant in this case, as the government has explained.

On appeal, Williams accepts the court's conclusion that the attempted murder and assault charges qualify as predicate 924(c) crimes of violence. He also does not renew his earlier objection that offenses predicated on aiding and abetting liability do not qualify. He only defends the district court's reasoning, that the 924(c) conviction is invalid because of the possibility that it rested on the now-invalid conspiracy predicates (Counts One and Two).

Most notably, like the district court, Williams does not address the full and very clear jury instructions provided by the trial court. Critically, Williams does not grapple at all with what the jury had to find in order to convict on Counts Three through Six – findings that inexorably would also result in a 924(c) conviction based on those counts alone.

The trial court repeatedly reminded the jury of the government's theory with regard to the March 16 incident: that Williams ordered Jackson to fire the gun he had given Jackson earlier, and by that single act engaged in the conspiracy to assault federal agents, attempted to murder federal agents, and assaulted federal agents with a deadly weapon. Indeed, with regard to Counts Two through Six, the government told the jury and the court reminded the jury that the *only* act on which Williams' guilt was premised was that he ordered his compatriots to use the gun to shoot at the agents.

At the outset of the jury instructions, the court read the parties' stipulation that Williams himself did not fire either of the two guns in his possession that day. App. 131-32. When discussing the conspiracy charge related to the March 16 shootout (Count Two), the court expounded:

> I believe it is the government's theory that as the car was approached by law enforcement agents, that the occupants of the car, including Williams, became aware that law enforcement agents were approaching, that Williams gave a command which Jackson and

> Lipscomb accepted and followed, and that the giving of that command and the actions of Williams and the actions of Jackson and Lipscomb in shooting is the evidence of the formation of the conspiracy and of the participation by Williams in that conspiracy.

App. 152. And then the court made clear that the case against Williams with regard to all of the March 16 charges (Counts Two through Six) rested on the essential fact that Williams gave the order to fire the gun held by Jackson (later handed to Lipscomb). The court stated:

> In regard to Counts Two through Six, all of which involve the March 16th shoot-out, the government – in order for the government to establish the guilt of the defendant beyond a reasonable doubt as to any Count Two through Six, the government would have to be able to establish beyond a reasonable doubt that the defendant, Mr. Williams, gave the command to shoot and it was that command which resulted in the in the conduct of Tremaine Jackson.

App. 180.

The jury then found beyond a reasonable doubt that Williams was guilty of attempting to murder federal agents (Counts Three and Four) and assaulting federal agents with a deadly weapon (Counts Five and Six). Based on the court's instructions, not to mention the trial evidence and the government's arguments, this verdict could only have been based on a conclusion that Williams ordered Jackson to fire a gun. In fact, the court had also made clear to the jury that an essential element of the assault counts, in violation of 18 U.S.C. § 111(b), was "that the defendant used a deadly or dangerous weapon in connection with the alleged assault." App.

165. In short, a guilty verdict on these substantive counts, under the court's instructions, was simply impossible without a finding that, as the court explained, Williams gave the command to fire the gun.

In that circumstance, it is likewise impossible to conclude that the jury, if permitted to rest a 924(c) conviction only on the valid predicates stated in Counts Three through Six, would not have necessarily found that Williams used a gun (or aided and abetted its use) in relation to a crime of violence.

In further instructions that neither the district court nor the appellee addressed, the court made explicitly clear which guns related to which counts. *See* Gov't Br. 47 (quoting App. 181-82). It told the jury it had to be unanimous regarding which gun supported a 924(c) conviction, and that the two guns on Williams' person on March 16 related only to Count One.

Viewing all of these detailed instructions, the habeas court's conclusion that the jury might have been "confused" was simply unfair and incorrect. This case was not unduly complicated, the court's instructions were very clear, and the intelligent citizens selected by the parties to serve as jurors are presumed to have understood and followed the directions. Based on instructions Williams does not acknowledge, the jury found beyond a reasonable doubt that Williams gave the command to fire a gun at

FBI agents, leading to his conviction for attempted murder and assault with a deadly weapon, and leaving no possibility that the jury would not also have convicted on the 924(c) firearm charge if limited to reliance on that determination alone. Williams on appeal again fails to carry his burden to show prejudice, and the 924(c) conviction and the original sentence should be reinstated.

For these reasons, as well as those set forth at greater length in the government's principal brief, the government respectfully requests that the order of the district court granting relief under Section 2255, and imposing a new sentence on the defendant, be reversed.

>	Respectfully submitted,
>
>	DAVID METCALF
>	United States Attorney
>
>	*/s Robert A. Zauzmer*
>	ROBERT A. ZAUZMER
>	Assistant United States Attorney
>	Chief of Appeals
>	Pa. Bar No. 58126

United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
(215) 861-8568

# CERTIFICATION

I hereby certify that the electronic version of this brief filed with the Court was automatically scanned by OfficeScan Real-Time Scan Monitor, version 10.5, by Trend Micro, and found to contain no known viruses. I further certify that the text in the electronic copy of the brief is identical to the text in the paper copies of the brief filed with the Court.

*/s Robert A. Zauzmer*
ROBERT A. ZAUZMER
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that this brief has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

    Lawrence J. Bozzelli, Esq.
    211 No. 13th Street, Suite 701
    Philadelphia, PA  19107

    */s Robert A. Zauzmer*
    ROBERT A. ZAUZMER
    Assistant United States Attorney

DATED:  December 26, 2025.