## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

—————————————————————

### Nos. 25-2281

—————————————————————

### UNITED STATES OF AMERICA
*Appellant*

### v.

### MELVIN WILLIAMS
*Appellee*

—————————————————————

### APPEAL FROM ORDER GRANTING RELIEF UNDER 28 U.S.C. § 2255, AND FROM AMENDED JUDGMENT OF SENTENCE, IN CRIMINAL NO. 2:94-CR-196 IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

—————————————————————

### APPELLEE'S PETITION FOR PANEL REHEARING UNDER FRAP 40

—————————————————————

**LAWRENCE J. BOZZELLI, ESQ.**
**1315 Walnut Street - Suite 1605**
**Philadelphia Pa 19107**
**Bozzelli.law@gmail.com**
**Counsel For Melvin Williams**

## TABLE OF CONTENTS

**TABLE OF AUTHORITES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **2**

**REASONS FOR GRANTING RELIEF** . . . . . . . . . . . . . . . . . . . . . . . . . .    **4**

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    **12**

**TABLE OF AUTHORITIES**

*Brecht v. Abrahamson*, 507 U.S. 61                                          3

*Hedgpeth v. Pulido*, 555 U.S. 57                                            3

*O'Neal v. McAninch*, 513 U.S. 432                                           4

*United States v. Davis*, 588 U.S. 445                                       5

## REASONS FOR GRANTING RELIEF

## Statement Required By Fed. R. App. P. 40(A)(2)

Federal Rule of Appellate Procedure 40(a)(2) requires that a petition for rehearing "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended."

This petition identifies four discrete points (one controlling Supreme Court decision and three record-based factual premises underlying the panel's harmlessness holding) that the panel's opinion does not properly address. Appellee does not ask this Court to reweigh arguments it already considered and rejected, rather the appellee cites case law and record facts that the opinion's reasoning does not engage at all, each of which is independently sufficient to change the outcome of the harmlessness analysis under *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

Specifically, appellee submits that the panel gave little weight, if any, to: (1) *Hedgpeth v. Pulido*, 555 U.S. 57 (2008) (*per curiam*), the controlling Supreme Court decision governing general verdicts resting on alternative theories of guilt where one theory is invalid; (2) the

logical independence between the jury's findings on Counts Three through Six and the jury's § 924(c) verdict on Count Eight, which the verdict form and instructions never required the jury to link; (3) the "grave doubt" standard of *O'Neal v. McAninch*, 513 U.S. 432 (1995), which resolves genuine uncertainty about a *Brecht* error in the petitioner's favor rather than the government's; and (4) the burden-allocation distinction between *Chapman*'s reasonable-possibility standard and *Brecht*'s actual-prejudice standard, which the opinion's reliance on *United States v. Wilson*, 960 F.3d 136 (3d Cir. 2020), does not observe.

Each point is addressed in turn below. Appellee respectfully submits that correcting any one of them requires, at minimum, further proceedings on harmlessness; correcting all four requires affirmance of the District Court's order vacating the §924(c) conviction.

## ARGUMENT

The trial court instructed the jury that a §924(c) conviction could rest on any 1 of 6 predicate offenses charged in Counts One through Six, including Counts One and Two, the conspiracy charges. The jury was told that it "need not find that the firearm was used . . . in relationship

4

to all of the underlying crimes of violence" and that unanimity was required only as to "which crime of violence" the jury selected, not as to which predicate offense supported that selection across jurors. App. 170–71. The verdict form did not require the jury to specify which of the six predicates it relied upon, and the jury did not do so.

It is undisputed that Counts One and Two (which are the conspiracy charges) are not crimes of violence and could not lawfully serve as §924(c) predicates. *United States v. Davis*, 588 U.S. 445, 470 (2019). The District Court accordingly vacated the § 924(c) conviction, holding that the instructional error was not harmless. The panel reversed, holding that because the jury's guilty verdicts on Counts Three through Six required a finding that Williams personally "gave the command to shoot," the § 924(c) verdict "necessarily included" that same finding, such that any instructional error as to Counts One and Two was harmless under *Brecht*.

Appellee respectfully submits that this holding overlooks the points of law and fact identified below.

**I. The Panel Overlooked *Hedgpeth v. Pulido*, the Controlling Supreme Court Decision Governing General Verdicts Resting on Alternative Theories of Guilt**

The panel's opinion merely cites *Hedgpeth v. Pulido*, 555 U.S. 57 (2008) (per curiam), in a footnote even though the District Court relied on it, see *United States v. Williams*, 2023 WL 7285141, at *7 n.2 (E.D. Pa. Nov. 3, 2023), and even though it is a controlling Supreme Court decision addressing precisely the procedural posture presented here: "a conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one." *Hedgpeth*, 555 U.S. at 58.

That is exactly this case. The jury was instructed on six alternative predicate theories for the §924(c) conviction, two of which (Counts One and Two) were invalid. The verdict was general. *Hedgpeth* holds that this configuration is reviewable precisely because the verdict does not reveal which theory the jury adopted, and it instructs reviewing courts to apply *Brecht's* actual-prejudice standard to that uncertainty on collateral review, not to resolve the uncertainty

by inference from other, separate verdicts in the same case. *Id*. at 60–62.

Appellee argues that the panel's opinion proceeds as though no controlling authority addresses how to treat a general verdict resting on mixed valid and invalid theories. Rather, the panel relies instead on *United States v. Wilson*, a direct-appeal decision applying a different standard. Because *Hedgpeth* supplies the framework that governs this exact problem and the panel's opinion does not engage it, appellee respectfully submits that the panel overlooked controlling law within the meaning of Rule 40(a)(2).

## II. The Panel Overlooked that the Jury Instructions Never Required The § 924(C) Verdict to Be Linked to the Counts Three Through Six Findings

The panel's harmlessness holding rests entirely on the premise that the jury's §924(c) verdict "necessarily included" the same finding that the jury made in convicting on Counts Three through Six (i.e., that Williams ordered the shooting).  Appellee respectfully submits that the panel overlooked the actual text of the jury instructions, which forecloses that premise.

The trial court instructed the jury that, in order to convict on §924(c), it was "sufficient" if the jury found the firearm was used "in relation to any one of the underlying crimes of violence," (App. 170–71), and that the jury need not find a connection between the firearm and "all of the underlying crimes of violence." *Id*. Nothing in this instruction, and nothing in the verdict form, required the jurors who voted to convict on §924(c) to have done so by reference to Counts Three through Six rather than Counts One or Two. A juror could unanimously agree that Williams used a firearm in relation to the Count One or Count Two conspiracy (which required only an agreement and an overt act, not a finding that Williams personally ordered violence) and vote to convict on §924(c) on that basis alone, entirely independent of how that same juror analyzed Counts Three through Six.

The opinion's "necessarily included" finding is not drawn from any instruction, verdict form provision, or interrogatory that ties the two sets of findings together; no such linkage exists in the record. Because the premise underlying the panel's harmlessness holding is a factual proposition about the relationship between two verdicts that the instructions never required and the verdict form never tested, appellee

8

respectfully submits that the panel overlooked a controlling fact in the record within the meaning of Rule 40(a)(2).

### III. The Panel Overlooked The "Grave Doubt" Standard of *O'neal v. Mcaninch*, which Resolves Genuine Uncertainty in The Petitioner's Favor

The opinion does not cite or apply *O'Neal v. McAninch*, 513 U.S. 432 (1995), which clarifies how *Brecht*'s actual-prejudice standard operates when a reviewing court cannot confidently determine which path the jury took. *O'Neal* holds that when a court is in "grave doubt" as to the harmlessness of an error, (i.e., when the matter is so evenly balanced that the court has "grave doubt" about the error's effect on the verdict), the error is treated as if it had a substantial and injurious effect, and the petitioner prevails. *Id*. at 435, 437–38.

This case presents exactly the condition that the *O'Neal* holding addresses. The verdict form was general precisely because it did not require the jury to commit to any one of the six predicates. The panel's own opinion acknowledges that "the jury rendered a general verdict that did not specify the crime(s) of violence underlying the § 924(c)

conviction." Having made that acknowledgment, the panel's subsequent conclusion that the verdict "necessarily included" a particular finding resolves, rather than confronts, the very uncertainty that *O'Neal* directs courts to resolve in the petitioner's favor when it cannot be resolved with confidence. Appellee respectfully submits that the panel overlooked this controlling standard and the way it applies to an acknowledged gap in the record.

## IV. The Panel Overlooked the Burden-Allocation Difference Between *Chapman* and *Brecht* in Relying on *United States v. Wilson*

The opinion states, in footnote 8, that "the fact that we concluded a similar error was harmless under the reasonable-possibility standard in *Wilson* supports our conclusion that it is harmless under *Brecht*'s higher actual-prejudice standard." Appellee respectfully submits that the panel overlooked the point, drawn from its own earlier discussion in the same opinion, that *Chapman*'s reasonable-possibility standard and Brecht's actual-prejudice standard do not merely set different thresholds on the same inquiry, they actually allocate the burden of persuasion to different parties.

Under *Wilson* and *Chapman*, the government bears the burden of showing no reasonable possibility that the jury relied on an invalid predicate. Under *Brecht*, by contrast, the petitioner bears the burden of affirmatively showing actual prejudice. The opinion itself recognizes this distinction earlier in its analysis, explaining that the ruling in *Brecht* rejected the reasonable-possibility standard as "at odds with the historic meaning of habeas corpus" and as insufficiently protective of the government's interest in finality. A holding that survives review under the standard more favorable to the petitioner does not, for that reason alone, survive review under the standard more favorable to the government; the two standards ask who must affirmatively prove what, not merely how convinced the court must be of the same proposition. Reasoning from a *Wilson*-type result to a *Brecht*-type result therefore does not establish what footnote 8 says it establishes, and appellee respectfully submits that the panel overlooked this consequence of its own burden-allocation discussion when it treated the *Wilson* result as support for the *Brecht* holding.

## RELIEF REQUESTED

For the foregoing reasons, the appellee Melvin Williams respectfully requests that the panel grant rehearing, withdraw its opinion of May 11, 2026, and either (1) affirm the District Court's order vacating Williams's §924(c) conviction, or in the alternative, (2) remand to the District Court for further proceedings applying *Hedgpeth v. Pulido* and the actual-prejudice standard of *Brecht v. Abrahamson* and *O'Neal v. McAninch* to the question whether the instructional error was harmless.

THE BOZZELLI LAW FIRM

1315 Walnut Street, Suite 1605
Philadelphia  PA 19107
Attorney for Melvin Williams

## *COMBINED CERTIFICATIONS*

### I.   *CERTIFICATE OF BAR MEMBERSHIP*

I certify that I am a member in good standing of the bar of The Eastern District of PA and The United States Court of Appeals for the Third Circuit.

### II.   *WORD COUNT*

I certify that this Brief is double spaced, 14 point face in Century Schoolbook and does not exceed the 15 page or 3,000 word limit.

### III.   *IDENTICAL COMPLIANCE OF BRIEFS FILED*

I certify that the both version of this Brief (paper and electronic) are identical, but for the signature lines.  The paper Brief contains counsel's actual signature and the electronic Brief contains counsel's electronic signature.

### IV.   *VIRUS CHECK*

I certify that, to the best of my ability, the electronically filed Brief is free and clear of any harmful viruses with the use of Norton Anti-virus.

THE BOZZELLI LAW FIRM

211 N. 13th Street, Suite 701
Philadelphia  PA 19107
Attorney for Melvin Williams